ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 MAR 17 PM 12:44
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| LAZARO DESPAIGNE BORRERO, ) | |
| Plaintiff, ) | |
| v. ) | CV 313-067 |
| STACEY STONE, Warden, ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, commenced the above-captioned case *pro se*, ostensibly pursuant to 28 U.S.C. § 2241. However, because Plaintiff challenged the conditions of his confinement, as opposed to the fact or duration of his confinement, the Court construed the petition as a civil rights complaint brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and directed Plaintiff to submit either the full filing fee for such an action or a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 8.) Plaintiff's objections to the Court's recharacterization were overruled by the District Court on February 7, 2014, and Plaintiff was instructed to submit the filing fee or an IFP motion within twenty-one days if he wished to proceed with his case. (Doc. no. 12.) Plaintiff was cautioned that his failure to comply would result in dismissal of his case. (Id.) The time to respond has passed, and Plaintiff has not submitted the filing fee or an IFP motion.

The Local Rules dictate that the Court may *sua sponte* dismiss an action "for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with

reasonable promptness." Loc. R. 41.1(c). Additionally, the Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases." Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. at 1240 (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

Here, Plaintiff's failure to comply with the district court's order indicates that he does not intend to proceed with this case and warrants dismissal. Loc. R. 41.1(c). However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State. Bd. Of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of March, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE